UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LLOYD SHAFFER, | No. C 09-4226 SI (pr) |
| Petitioner, | **ORDER** |
| v. | |
| STATE OF CALIFORNIA; et al., | |
| Respondents. | |

David Lloyd Shaffer filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with regard to a 2007 conviction in the Santa Cruz County Superior Court. The court dismissed the petition without prejudice to Shaffer filing a new action after he exhausted state court remedies. Shaffer now requests a free copy of his habeas petition so that he may "refile the petition now that the California Supreme Court has denied my petition." (Docket # 27, attachment 1, p. 1.)

The court cannot determine which document Shaffer is referring to because he sent in hundreds and hundreds of pages of documents, including copies of many state court filings. For example, the original document filed and treated as a habeas petition was not even a habeas petition but "a notice to each courts!!!" and listed four courts other than the U.S. District Court (Docket # 1); the habeas petition that was filed July 9, 2009 was captioned for filing in the Sixth District California Court of Appeal (docket # 15); and the habeas petition filed July 14, 2009 was captioned for filing in the Santa Cruz County Superior Court (docket # 4). It appears that Shaffer was indiscriminately sending in copies of documents to any court he could think of – as this court received from him copies of documents sent to the Santa Cruz County Superior Court,

the California Court of Appeal, the California Supreme Court and the U.S. Court of Appeals for the Ninth Circuit. As the court noted when it dismissed the action, the pile of documents Shaffer had filed already had reached about 20 inches in height. It wastes limited resources for all the courts receiving documents from petitioner to be processing the documents, because each court must determine whether he wants something from that court or is merely letting that court know what is going on in another court. Even Shaffer's photocopy request came with a mishmash of documents from different courts. See Docket # 27 attachment.

Because the court does not know which of the several documents Shaffer wants a copy of, and because the court wants to discourage him from indiscriminately sending copies to multiple courts, and because the court prefers that petitioners use the federal habeas petition form, the court DENIES the request for a free copy of a petition. Using the federal habeas petition form, rather than recycling a state court petition, will be particularly helpful here because it will allow Shaffer to delete his state law claims and present only his federal constitutional claims. The clerk will send to Shaffer a blank federal habeas petition form so that he may prepare a new petition for filing in this court.

IT IS SO ORDERED.

DATED: April 2, 2010

SUSAN ILLSTON
United States District Judge

2